**FILED**
CLERK, U.S. DISTRICT COURT

5/29/2025

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ asi _____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

October 2024 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>          v.<br><br>ANGEL ALBERT CARDONA,<br>  aka "Angel Alberto Cardona,"<br><br>          Defendant. | CR  2:25-cr-00414-FLA<br><br>I N D I C T M E N T<br><br>[18 U.S.C. § 922(g)(1): Felon in Possession of a Firearm and Ammunition; 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c): Criminal Forfeiture] |

     The Grand Jury charges:

                    [18 U.S.C. § 922(g)(1)]

     On or about April 9, 2025, in Ventura County, within the Central District of California, defendant ANGEL ALBERT CARDONA, also known as "Angel Alberto Cardona," knowingly possessed a firearm, namely, a Glock, Model 21, .45 Auto caliber pistol, bearing serial number LTH177, and ammunition, namely, thirty-seven rounds of Poonsang Corporation .45 Auto caliber ammunition, each in and affecting interstate and foreign commerce.

Defendant CARDONA possessed such firearm and ammunition knowing that he had previously been convicted of at least one of the following felony crimes, each punishable by a term of imprisonment exceeding one year:

1. Possession of a Controlled Substance, in violation of California Health and Safety Code Section 11350(a), in the Superior Court of the State of California, County of Ventura, Case Number 2001043628, on or about February 11, 2002;

2. Assault with a Deadly Weapon Not a Firearm, in violation of California Penal Code Section 245(a)(1), in the Superior Court of the State of California, County of Ventura, Case Number 2002013910, on or about January 14, 2003;

3. Possession of a Controlled Substance with a Firearm, in violation of California Health and Safety Code Section 11370.1(a), in the Superior Court of the State of California, County of Ventura, Case Number 2009011611, on or about September 25, 2009;

4. Child Endangerment, in violation of California Penal Code Section 273a(a), in the Superior Court of the State of California, County of Ventura, Case Number 2009011615, on or about September 25, 2009;

5. Taking a Vehicle Without Consent, in violation of California Vehicle Code Section 10851(a), in the Superior Court of the State of California, County of Ventura, Case Number 2009011615, on or about September 25, 2009;

6. Evading a Peace Officer, in violation of California Vehicle Code Section 2800.2(a), in the Superior Court of the State of California, County of Ventura, Case Number 2011044847, on or about August 30, 2012;

7.    Taking a Vehicle Without Consent, in violation of California Vehicle Code Section 10851(a), in the Superior Court of the State of California, County of Ventura, Case Number 2017038467, on or about August 15, 2019;

8.    Assault with a Deadly Weapon Not a Firearm on a Peace Officer or Firefighter, in violation of California Penal Code Section 245(c), in the Superior Court of the State of California, County of Ventura, Case Number 2021000005, on or about March 22, 2022; and

9.    Felon in Possession of a Firearm, in violation of California Penal Code 29800(a)(1), in the Superior Court of the State of California, County of Ventura, Case Number 2021000005, on or about March 22, 2022.

1

2

                              FORFEITURE ALLEGATION

              [18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c)]

3    1.    Pursuant to Rule 32.2 of the Federal Rules of Criminal

4    Procedure, notice is hereby given that the United States of America

5    will seek forfeiture as part of any sentence, pursuant to Title 18,

6    United States Code, Section 924(d)(1), and Title 28, United States

7    Code, Section 2461(c), in the event of defendant's conviction of the

8    offense set forth in this Indictment.

9    2.    If so convicted, defendant shall forfeit to the United

10   States of America the following:

11         (a)   All right, title, and interest in any firearm or

12   ammunition involved in or used in such offense; and

13         (b)   To the extent such property is not available for

14   forfeiture, a sum of money equal to the total value of the property

15   described in subparagraph (a).

16   3.    Pursuant to Title 21, United States Code, Section 853(p),

17   as incorporated by Title 28, United States Code, Section 2461(c), the

18   convicted defendant shall forfeit substitute property, up to the

19   value of the property described in the preceding paragraph if, as the

20   result of any act or omission of said defendant, the property

21   described in the preceding paragraph or any portion thereof (a)

22   cannot be located upon the exercise of due diligence; (b) has been

23   transferred, sold to, or deposited with a third party; (c) has been

24   placed beyond the jurisdiction of the court; (d) has been

25   //

26   //

27   //

28

                                      4

substantially diminished in value; or (e) has been commingled with
other property that cannot be divided without difficulty.


                                        A TRUE BILL


                                        /S/
                                        Foreperson

BILAL A. ESSAYLI
United States Attorney

CHRISTINA T. SHAY
Assistant United States Attorney
Chief, Criminal Division

FRANCES S. LEWIS
Assistant United States Attorney
Chief, General Crimes Section

SHAWN T. ANDREWS
Assistant United States Attorney
Deputy Chief, General Crimes
Section

MATTHEW TANG
Assistant United States Attorney
General Crimes Section